## THOMAS v. MARYLAND CASUALTY CO.
### No. 12679.

United States Court of Appeals
Fifth Circuit.
April 28, 1949.

Samuel M. Robertson, of Baton Rouge, La., for appellant.

L. W. Brooks, C. V. Porter, James R. Fuller, Benjamin B. Taylor and Ben B. Taylor, Jr., all of Baton Rouge, La., for appellee.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

## PER CURIAM.

On June 29, 1946, appellant, plaintiff below, brought this suit, under the Workmen's Compensation laws of Louisiana, against appellee as insurer of Armco Drainage and Metal Products Company, for injuries he had sustained on March 16, 1946, while in the employ of said company.

On January 27, 1947, plaintiff filed suit in the 19th Judicial District Court of the State of Louisiana for the Parish of East Baton Rouge, against appellee, to recover the same amount on the same cause of action, and proceeded in that cause to final judgment.

Appellee, defendant below, pleaded that judgment in bar of this suit. The plea sustained and the suit dismissed, the plaintiff is here appealing from the judgment of dismissal on the ground that under the Louisiana Workmen's Compensation Act, Act 20 No. of 1914, as amended, the judgment in the state court suit was subject to be modified, and, being so subject, it was not a bar to the suit in federal court.

This will not do. Sec. 4408, Dart's Louisiana Statutes Act No. 20 of 1914, § 18, as amended by Act No. 85 of 1926, provides that the judgment rendered by the court in a compensation suit shall have the same force and effect and may be satisfied as other judgments of the same court.

It is true that Sec. 4410, "Modification of judgment of compensation", does provide for a review "by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation." Act No. 20 of 1914, § 20, as amended by Act No. 85 of 1926.

The proceeding below was not, it could not have been, such a proceeding for review. It was not filed in the same court which rendered the judgment pleaded in bar. It was filed before that judgment was rendered. In addition, it was brought as an independent suit and not as a proceeding for review upon any of the grounds set out in Sec. 4410.

The judgment of dismissal was right. It is

Affirmed.